IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANTE VAUGHN,                                    *

    Plaintiff,                                  *

      v.                                        *          Civil Action No. DKC-21-2941

ASHLEY RHEINER, *Social Media Influencer*, *
JESSICA HESSLER, *Social Media Influencer*,
TIKTOK, *Social Media Company*,               *
YOUTUBE, *Social Media Company*,
                                                 *
    Defendants.

***

**MEMORANDUM OPINION**

Self-represented Plaintiff Dante Vaughn filed this complaint with a motion for leave to proceed *in forma pauperis*.  ECF Nos. 1, 2.  The complaint raises claims of defamation, slander, fraud, and bullying against defendants based on statements they allegedly made about Plaintiff on social media.  ECF No. 1 at 1.  Plaintiff subsequently filed a motion to seal this case which will be resolved in due course.  ECF No. 3. The motion to proceed *in forma pauperis* will be granted.

This court is one of limited jurisdiction.  *Gunn v. Minton*, 586 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, (2005).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377).  The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction."  *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

In general, a district court may hear claims only that arise from a federal question presented, 28 U.S.C. § 1331, or which are based on diversity of citizenship, 28 U.S.C. § 1332. Federal question jurisdiction exists for any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties are residents of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506-07 (2006). The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011), citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

Plaintiff asserts the court has jurisdiction over this case based on federal question and diversity of the parties' citizenship. According to the complaint, Plaintiff and defendant Ashley Rheiner have Maryland addresses. ECF No. 1 at 1, 2, 3. Where the plaintiff and at least one defendant are residents of the same state, diversity of citizenship jurisdiction does not apply. The facts do not support jurisdiction based on diversity of citizenship of the parties.

Further, the complaint presents no federal question. A "case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton,* 568 U.S. 251, 257 (2013); *see also Am. Well Works Co. v. Layne & Bowler Co*., 241 U.S. 257, 260 (1916) (stating that a "suit arises under the law that creates the cause of action"). A claim is also deemed to arise under federal law for purposes of 28 U.S.C. § 1331 when, although it finds its origins in state law, "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance Inc. v. McVeigh*, 547 U.S. 677, 690(2006); *see Franchise Tax Bd. of State*

2

*of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 13

(1983).  Because the complaint fails to identify a constitutional or federal violation, there are no

grounds for this court to exercise jurisdiction over this case.

      Accordingly, the complaint will be dismissed without prejudice for lack of jurisdiction,

and this case shall be closed after disposition of the motion to seal.  A separate Order follows.


December 3, 2021                             _____/s/_____

                                      DEBORAH K. CHASANOW
                                      United States District Judge